**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 26-20432** |
| | § | **(Bankr. D. Wyo.)** |
| **ARABELLA PH 3201 LLC,** | § | |
| | § | **Chapter 11, Subchapter V** |
| **Debtor.** | § | |
| | § | **Adversary No. ____________** |
| **ALI CHOUDHRI AND** | § | |
| **ARABELLA PH 3201 LLC,** | § | **Removed from Cause No. 2026-** |
| | § | **63841,** |
| **Plaintiffs,** | § | **133rd Judicial District Court,** |
| | § | **Harris County, Texas** |
| **v.** | § | |
| | § | |
| **ALAN ROSEN, CONSTABLE** | § | |
| **PRECINCT 1, HARRIS COUNTY,** | § | |
| **IN HIS OFFICIAL CAPACITY,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

# EXHIBIT A

**Process, Pleadings and Orders in the State Court Action**

**Fed. R. Bankr. P. 9027(a)(1)**

**Cause No. 2026-63841, 133rd Judicial District Court**

to the Notice of Removal of Arabella PH 3201 LLC, Debtor and Debtor in Possession, *In re Arabella PH 3201 LLC*, Case No. 26-20432 (Bankr. D. Wyo.)

## EXHIBIT A – INDEX

*The District Clerk's electronic records were unavailable at the time of filing. The Debtor will supplement this Exhibit with the docket sheet and any remaining process, pleadings and orders promptly.*

**A-1** Plaintiffs' Verified Emergency Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction, filed September 2, 2026 (Envelope No. 119430379)

**A-2** [District Clerk docket sheet – TO BE SUPPLEMENTED]

**A-3** [Any order on the application for temporary restraining order – TO BE SUPPLEMENTED]

9/2/2026 11:45 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 119430379
By: Bernitta Barrett
Filed: 9/2/2026 11:45 AM

2026-63841 / Court: 133

**CAUSE NO. ___________________**

| | | |
|---|---|---|
| **ALI CHOUDHRI and ARABELLA PH 3201 LLC,**<br>**Plaintiffs,** | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| **V.** | § | **OF HARRIS COUNTY, TEXAS** |
| **ALAN ROSEN, CONSTABLE PRECINCT 1, HARRIS COUNTY, IN HIS OFFICIAL CAPACITY,**<br>**Defendant.** | §<br>§<br>§<br>§<br>§ | **______ JUDICIAL DISTRICT** |

**PLAINTIFFS' VERIFIED EMERGENCY ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT,

COME NOW, ALI CHOUDHRI and ARABELLA PH 3201 LLC ("Plaintiffs") and hereby file suit against Defendant, ALAN ROSEN, CONSTABLE PRECINCT NO. 1, HARRIS COUNTY, in his official capacity ("Defendant"), and in support thereof, respectfully aver as follows:

## I. DISCOVERY CONTROL PLAN

1. Pursuant to Tex. R. Civ. P. 190, Plaintiffs intend to conduct discovery under Level 3. Pursuant to Tex. R. Civ. P. 47(c)(1), Plaintiffs seek only non-monetary relief — declaratory relief and injunctive relief. Plaintiffs seek no damages of any kind from Defendant or from Harris County, and expressly disclaim any claim for actual, consequential, exemplary, or other monetary damages in this cause. The relief sought is within the jurisdictional limits of the Court.

Unofficial Copy Office of Marilyn Burgess District Clerk

## II. EMERGENCY RELIEF REQUESTED

2. Plaintiffs seek emergency injunctive relief in the form of a temporary restraining order, temporary injunction, and permanent injunction to enjoin Alan Rosen, Constable of Precinct 1, from taking the following action against the property described below: executing, attempting to execute, or causing or permitting to be executed any writ of possession, writ of execution, order of sale, or other process of any kind issued to enforce the general money judgment rendered in Cause No. 2012-27197-A, whether heretofore or hereafter issued; and entering upon, taking possession or control of, seizing, attaching, levying upon, dispossessing any occupant of, removing any person or personal property from, delivering possession of, or otherwise taking or interfering with the following described property located at 4521 San Felipe Street, #3201, Houston, Texas 77027 ("Property"):

> Unit 3201 and its appurtenant undivided interest in and to the general and limited common elements of ARABELLA CONDOMINIUMS, a condominium regime in the City of Houston, Harris County, Texas, created by and subject to that certain Amended and Restated Declaration of Arabella Condominiums dated September 30, 2015, as amended by that certain First Amendment recorded October 5, 2018, as Document No. 216849 of the Condominium Records of Harris County, Texas, as referenced in Clerk's File No. RP-2018-459164 of the Official Public Records of Real Property of Harris County, Texas, together with all appurtenances thereto.

3. Ali Choudhri has lived in Unit 3201 — the Arabella Penthouse — continuously since November 2021. He sleeps there. He eats there. He keeps his clothing and personal belongings there. He receives his mail there. He has no other home. He lives there with his 78-year-old mother, who is in poor health. Article XVI, Section 50(a) of the Texas Constitution provides that a homestead "shall be, and is hereby protected from forced sale." That protection is

Unofficial Copy Office of Marilyn Burgess District Clerk

self-executing. It does not depend on a filing. It does not depend on a deadline. It arises from occupancy and intent.

4. The Texas Supreme Court in *Laster v. First Huntsville Properties Co.*, 826 S.W.2d 125, 130 (Tex. 1991), holds that homestead protection requires only a "present possessory interest in the subject property." And *Inwood North Homeowners' Ass'n v. Harris*, 736 S.W.2d 632, 635 (Tex. 1987), confirms that "homestead may attach to interest less than an unqualified fee simple title." Ali has a present possessory interest — that is undisputed.

5. Arabella PH 3201 LLC joins as a plaintiff in the alternative, and solely to the extent it is maintained that record title is held by that entity. On that premise — which Choudhri does not concede — the Property belongs to a Wyoming limited liability company that was never named as a party, never served, and never heard in the proceeding that produced the writ. Alternative pleading is permitted, and a party may plead inconsistent theories without admitting either. *TEX. R. CIV. P.* 48. Every reference in this Petition to Arabella PH 3201 LLC as owner states the Receiver's position, not Choudhri's, and is not a judicial admission. Under either branch the writ fails: if Choudhri holds title, the Property is exempt homestead; if Arabella holds title, neither Texas nor Wyoming law permits a judgment creditor of a member to reach the company's real property.

Unofficial Copy Office of Marilyn Burgess District Clerk

## III. PARTIES

6. Plaintiff, Ali Choudhri, is an individual residing in Harris County, Texas.

7. Plaintiff, Arabella PH 3201 LLC, is a Wyoming limited liability company, appearing through its undersigned counsel of record.

8. Defendant, Alan Rosen, is the Harris County Constable for Precinct 1, sued in his official capacity only and solely for prospective relief. He may be served at 1302 Preston, Ste. 301,

Houston, Harris County, Texas 77002, or wherever he may be found. Harris County is not a party to this cause, and Plaintiffs seek no relief of any kind from Harris County.

9. The Court-Appointed Receiver in Cause No. 2012-27197-A is not a party to this suit, and no relief is sought against him here. He is referred to in this Petition as "the Receiver" because his requests are the source of the writ, and because the scope of his appointment bears on whether Defendant may lawfully execute it.

## IV. JURISDICTION AND VENUE

10. The amount in controversy is within the jurisdictional limits of this Court.

11. Venue is proper in this Court because the events upon which this suit is based occurred in Harris County and the Property at issue is in Harris County. Tex. Civ. Prac. & Rem. Code §§ 15.002(a)(1), 15.011.

### A. Section 65.023(b) does not bar this suit.

12. The leading case is one in which the enjoining court's jurisdiction was *sustained* on facts materially parallel to these. In *Campbell v. Wilder*, 487 S.W.3d 146 (Tex. 2016), a district court enjoined the Tarrant County District Clerk from billing court costs to parties who had filed uncontested affidavits of indigence. A divided court of appeals vacated the injunction and dismissed for want of jurisdiction because the enjoining court had not rendered the underlying judgments. The Supreme Court of Texas reversed, holding that Section 65.023 did not apply and that "the district court had jurisdiction to enter the injunction." *Id.* at 152. The relief there ran against a ministerial officer acting on process arising from other courts' judgments — the same posture presented here.

Unofficial Copy Office of Marilyn Burgess District Clerk

13. The Supreme Court of Texas has also never held Section 65.023(b) jurisdictional. *Campbell v. Wilder*, 487 S.W.3d 146, 149 n.13 (Tex. 2016) ("The parties here treat the statute as jurisdictional, so we will assume it is, without deciding the matter."). The test is "whether the relief sought may be granted independently of the judgment or its mandate sought to be enjoined," and it turns on that question "not on whether the applicant for injunctive relief was a party to the judgment, or on whether an injunction will disturb process issuing as a result of that judgment." *Id.* at 149-50. *Campbell* overruled *Evans v. Pringle*, 643 S.W.2d 116 (Tex. 1982) (per curiam), by name. *Id.* at 150-51.

14. That overruling matters here. *Evans* was a case in which sureties obtained an injunction against the Sheriff of Tarrant County restraining the collection of post-judgment interest, and it stood for the proposition that Section 65.023(b) applies whenever granting relief would regulate process issued under another court's judgment. That is the reading urged against Plaintiffs. It is the reading the Supreme Court discarded ten years ago. *Campbell* held that disturbance of process "is but one example of when a court could be unable to grant relief independently of the judgment," and does not mean "that an injunction that disturbs process can never be granted independently of the judgment." *Id.* at 150. Even where an injunction would regulate such process, "courts must still consider whether, under the specific circumstances of each case, the injunction may nevertheless be issued independently of the judgment." *Id.*

15. Campbell quotes Carey for the rule that governs here:

> Where specific property has been levied upon under a general execution, the levy and sale may be enjoined in another court, even by a party to the suit. The ground of such holding is that the injunction of a sale of specific property, on the claim that it is not subject to the levy, is not a stay or interference with the processes of another court.

487 S.W.3d at 150 (quoting *Carey v. Looney*, 251 S.W. 1040, 1042 (Tex. 1923)).

Unofficial Copy Office of Marilyn Burgess District Clerk

16. The judgment being enforced is a general, unsecured money judgment. It did not order the sale of Unit 3201 or of any specific property. Choudhri's claim is that the property levied upon is his constitutional homestead and is not subject to the levy. Arabella's alternative claim is that the property levied upon belongs to a company never before that court. Neither claim asks this Court to review, set aside, or modify any judgment or order of the 333rd Judicial District Court. Plaintiffs ask only whether this Constable may lawfully execute process against this property.

17. The Legislature has separately authorized this injunction. A writ of injunction may be granted where a cloud would be placed on the title of real property being sold under an execution against a party having no interest in it, and where irreparable injury to real property is threatened, in each case "irrespective of any remedy at law." Tex. Civ. Prac. & Rem. Code § 65.011(4), (5).

**B. The restraint runs against a ministerial officer who is not a party to any judgment.**

18. The relief sought runs against Defendant Alan Rosen, Constable of Precinct 1, who is not a party to any judgment of the 333rd Judicial District Court. In *Carey*, the restraint ran against the officers charged with executing an order of sale and writ of possession; in *Campbell*, against a district clerk; and in *Evans*, against a sheriff. In the first two, the enjoining court's jurisdiction was sustained; the third was overruled.

19. A constable's execution of a writ is a ministerial act. An order directing that officer not to dispossess a claimant of exempt homestead property adjudicates the officer's duty. It does not adjudicate the judgment, and it leaves the judgment and every order of the rendering court exactly where it found them.

Unofficial Copy Office of Marilyn Burgess District Clerk

**C. Immunity does not bar prospective relief.**

20. Defendant is sued in his official capacity only, and Plaintiffs seek only prospective declaratory and injunctive relief. They seek no damages of any kind — no personal judgment against Constable Rosen and no judgment against Harris County. Because no damages are sought, the damages-based defenses of official immunity, derived judicial immunity, and Section 7.003 are not implicated. A suit alleging that an official threatens to act without legal authority must be brought against him in his official capacity and is not barred by immunity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372-76 (Tex. 2009). Official immunity protects against *personal liability*. *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 422 (Tex. 2004). Section 7.003 confers immunity from damages liability, not from suit, and is not a jurisdictional bar. *Hernandez v. Sommers*, 587 S.W.3d 461, 469-70 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

21. A constable is not a tribunal for resolving doubtful questions. *Henry S. Miller Co. v. Evans*, 452 S.W.2d 426, 433-34 (Tex. 1970). That is why Plaintiffs ask *this Court*, and not the Constable, to decide whether this process may lawfully issue against this property.

**D. The construction urged against Plaintiffs would leave no forum at all.**

22. The Receiver has taken the position, in successive proceedings, that the Fourteenth Court of Appeals lacks jurisdiction over the writ; that the July 28 Order is interlocutory and unappealable; that the ancillary court lacked authority to rule on his plea; and that a sister district court lacks jurisdiction to restrain the writ. Taken together, those positions leave Plaintiffs' constitutional homestead claim with no judicial forum whatever, and return them to the court that ruled without receiving evidence. A construction of a venue-captioned statute that extinguishes every forum for a constitutional exemption claim should be rejected. Tex. Const. art. I, § 13 (open courts); id. § 19 (due course of law).

Unofficial Copy Office of Marilyn Burgess District Clerk

**E. Related proceedings.**

23. Plaintiffs disclose that in Cause No. 2026-59605 in the 127th Judicial District Court, a temporary restraining order signed August 20, 2026 was dissolved and the case dismissed by order signed September 1, 2026, on the plea to the jurisdiction filed by the intervening Receiver under Section 65.023(b). Arabella PH 3201 LLC was not a party to that suit. A dismissal for want of jurisdiction is not an adjudication of the merits. The authorities set out in Sections IV.A and IV.B above were not presented to that court, and Plaintiff Choudhri was unable to file a written response before that setting because the electronic filing manager was not accepting submissions on the evening of August 31, 2026.

## V. BACKGROUND FACTS

**The Property at 4521 San Felipe St. #3201, Houston, Texas 77027.**

24. Plaintiffs' claims relate to the real property located at 4521 San Felipe Street, Unit 3201 (the "Penthouse" or "Property"), Houston, Texas 77027. The Property is a residential condominium unit in Harris County, Texas, and the recorded instruments identifying it are attached to this Petition as Exhibits A and B.

25. Ali Choudhri has resided continuously at the Penthouse since on or about November 2021 as his sole primary residence and homestead. He lives there, sleeps there, eats his meals there, keeps his personal belongings, clothing, furniture, and household items there, and receives his mail there. He has no other homestead.

26. The recorded chain of title begins with a General Warranty Deed from Anosh Ahmed to Arabella PH 3201 LLC, a Wyoming limited liability company, dated November 11,

Unofficial Copy Office of Marilyn Burgess District Clerk

2021, and recorded in the Official Public Records of Harris County, Texas on November 12, 2021, as Document No. RP-2021-654150.

27. A General Warranty Deed (Exhibit B) purports to convey the Property from Anosh Ahmed to Ali Choudhri, acknowledged November 12, 2021, and recorded on July 29, 2024, as Document No. RP-2024-272170.

28. A Correction General Warranty Deed (Exhibit A) corrects the grantor on the second deed, so that the conveyance reads as a conveyance from Arabella PH 3201 LLC to Ali Choudhri rather than from Anosh Ahmed to Ali Choudhri. It was executed March 4, 2026, is effective November 12, 2021, and was recorded March 5, 2026, as Document No. RP-2026-83776, pursuant to Texas Property Code Section 5.029.

29. Choudhri is the fee-simple owner of the Property based on the recorded chain of title described above. At a minimum, and regardless of any dispute concerning the instruments, he has a present possessory interest in the Penthouse and has continuously used it as his home since November 2021.

30. Choudhri executed a Homestead Affidavit on August 6, 2026, which was filed in the Official Public Records of Real Property of Harris County, Texas.

31. A Final Judgment was entered against Choudhri in Cause No. 2012-27197-A, Mokaram-Latif West Loop, Ltd. v. Ali Choudhri, et al., in the 333rd Judicial District Court of Harris County, Texas. It is a general, unsecured money judgment. It did not adjudicate title to the Penthouse and did not order the sale of any specific property.

32. A receiver was appointed pursuant to Amended Turnover Orders signed April 8, 2025, in the underlying receivership proceeding.

Unofficial Copy Office of Marilyn Burgess District Clerk

33. The Amended Turnover Orders exclude ownership interests in limited liability companies from the receivership assets and address such interests only through charging orders under Texas Business Organizations Code Section 101.112. Arabella PH 3201 LLC is identified among the entities subject only to charging orders. The Receiver therefore never obtained authority, even from the appointing court, to take possession of the Property on the entity-ownership premise he himself advances. If the Receiver has no such authority, Defendant has none to execute at his request.

34. On July 28, 2026, the 333rd District Court signed an Order Granting Receiver's Motion for Writ of Possession, directing the clerk to "immediately issue a writ of possession ... to remove all occupants and personal property" from the Penthouse, declaring Document Nos. RP-2024-272170 and RP-2026-83776 void and expunged, and authorizing the Receiver to market and sell the Penthouse. The writ of possession was issued on August 6, 2026.

35. The July 28 Order was decided by submission. No evidentiary hearing was conducted and no witness testimony was taken. Arabella PH 3201 LLC was never named as a party, never served, and never heard in that cause.

36. On August 5, 2026, Choudhri filed a Motion for New Trial, an Emergency Verified Motion to Stay Enforcement, and a Notice of Appeal. On August 19, 2026, Judge Wilson, on assignment in the 333rd District Court, denied the Motion for New Trial and Motion to Stay. At that hearing the Court would not allow witness testimony, and the Court acknowledged on the record that it had been unable to open the exhibits and could not view the deeds it had declared void. These facts are established by the sworn declaration of Derek R. Staub, attached as Exhibit C.

Unofficial Copy Office of Marilyn Burgess District Clerk

37. Execution of the writ was originally scheduled for August 20, 2026 at 9:30 a.m. The Receiver and persons acting with him assembled at the Penthouse with professional packers and movers, with Defendant's office to meet them there to execute the writ. Execution was halted only by a temporary restraining order signed August 20, 2026 in Cause No. 2026-59605.

38. That temporary restraining order was dissolved by order signed September 1, 2026. As of the filing of this Petition, nothing restrains Defendant from executing the writ, and nothing prevents the Receiver from requesting execution of that writ or of any further writ, execution, or order of sale directed at the Property.

39. Execution may occur at any moment and without warning. Counsel for Defendant has advised that Defendant's office intends to proceed as ordered and could give no information as to when execution would occur. No statute or rule requires an occupant to be given advance notice of the execution of a writ of possession, and none has been promised here. Plaintiffs have no way to know whether the Constable and the Receiver will appear this hour, tomorrow, or next week. That uncertainty is itself the emergency: relief that arrives after the locks are changed arrives too late.

40. The underlying judgment being enforced through the receivership is a general unsecured money judgment. It is not a purchase-money lien, a tax lien, a mechanic's lien, a home-equity loan, or any other type of encumbrance that permits forced sale of a homestead under Article XVI, Section 50(a) of the Texas Constitution.

41. The planned execution would dispossess Choudhri and his 78-year-old mother from his sole primary residence and place his home and personal property at immediate risk. The threatened harm is imminent and is the reason emergency relief is necessary.

Unofficial Copy Office of Marilyn Burgess District Clerk

**No court has reached the merits, and the procedural history explains why.**

42. The July 28 Order was signed on the submission docket. No evidentiary hearing was held, no witness was heard, and no exhibit was admitted on the question whether the Penthouse is Choudhri's homestead.

43. At the August 19, 2026 hearing on the Motion for New Trial, the court would not permit witness testimony, and the proceeding was conducted as a question-and-answer session rather than an evidentiary hearing. At that same hearing the court acknowledged on the record that it had been unable to open the exhibits filed with the motion that produced the July 28 Order, and had therefore not viewed the two recorded deeds it declared void and expunged. Staub Declaration, Exhibit C.

44. On August 20, 2026, while emergency filings were pending in the Fourteenth Court of Appeals, the Receiver assembled professional packers and movers at the Penthouse and communicated directly with the presiding judge of the 333rd District Court by electronic mail seeking an immediate ruling so that execution could proceed.

45. On August 26, 2026, the 80th Judicial District Court, sitting as ancillary court and, under Rule 3.5.3 of the Rules of the Civil Trial Division of the Harris County District Courts, as "Judge Presiding" for the court in which Cause No. 2026-59605 was pending, heard the Receiver's emergency motion to dissolve the temporary restraining order and his plea to the jurisdiction, requested supplemental briefing, and took both under advisement.

46. On August 27, 2026, the Fourteenth Court of Appeals denied an emergency motion to stay the writ, after the Receiver argued that the court lacked jurisdiction because the July 28 Order is interlocutory and unappealable.

Unofficial Copy Office of Marilyn Burgess District Clerk

47. On August 31, 2026 at 6:07 p.m., the ancillary court signed a written order denying the emergency motion to dissolve and the plea to the jurisdiction in all respects.

48. That same evening the electronic filing manager notified filers that it was not accepting new submissions because of technical issues, with no estimated time of resolution. Choudhri was therefore unable to file a written response before the following morning.

49. On the morning of September 1, 2026, the same motion and the same plea — already denied in all respects the evening before — were presented again, to a different judge. No motion to reconsider or to set aside the August 31 order had been filed, and the September 1 setting was not withdrawn or reset after that order issued. At approximately 10:15 a.m., roughly forty-five minutes before the setting, Choudhri wrote to the office of the District Clerk seeking clarification of the settings and reporting the filing outage.

50. At that September 1 hearing, Campbell v. Wilder was tendered to the court for the first time, with the statement on the record that it had not previously been cited. Choudhri had no opportunity to address it in writing. It was represented to the court that Campbell holds Section 65.023(b) to be jurisdictional and that the holding was binding. As set out in Section IV.A above, Campbell reversed a dismissal for want of jurisdiction, expressly declined to decide whether the statute is jurisdictional, and overruled the authority supporting that broad reading. The temporary restraining order was dissolved and the case dismissed.

**The prior restraint was granted on a verified application and tested twice before it was dissolved.**

51. The temporary restraining order signed August 20, 2026 was granted on a verified application and a cash deposit in lieu of bond was filed with the District Clerk on August 21, 2026.

Unofficial Copy Office of Marilyn Burgess District Clerk

It restrained execution against the Property, and it was accompanied by an order setting the application for temporary injunction for hearing.

52. That restraint was not entered and forgotten. It was tested. The Receiver moved to dissolve it and filed a plea to the jurisdiction. Both were noticed for hearing, argued at length on August 26, 2026, and taken under advisement with supplemental briefing requested. By written order signed August 31, 2026 at 6:07 p.m., those motions were denied in all respects and the restraint was left in force.

53. The temporary injunction hearing — the evidentiary hearing at which the homestead question would finally have been tried — was set for September 4, 2026. It was three days away. It never occurred.

54. On September 1, 2026, the temporary restraining order was dissolved and the case was dismissed on a plea to the jurisdiction. A dismissal for want of jurisdiction is not an adjudication of the merits. It decided nothing about whether the Property is Choudhri's homestead, nothing about the validity of the recorded deeds, nothing about the scope of the Receiver's authority, and nothing about whether Defendant may lawfully execute the writ. Those questions are the questions in this suit, and they remain open.

55. Plaintiffs note the history for a narrow purpose. The restraint they seek here is not an extraordinary one. Materially the same restraint was granted by a court of this county on a verified application, survived a contested hearing and full briefing, and remained in force for twelve days without harm to anyone. The judgment in Cause No. 2012-27197-A was enforceable against every other asset throughout that period, and no one contends otherwise.

Unofficial Copy Office of Marilyn Burgess District Clerk

Unofficial Copy Office of Marilyn Burgess District Clerk

**Positions taken in successive forums.**

56. The Receiver has asserted, in four different forums, that the forum before him is not the one that may hear these questions. He told the Fourteenth Court of Appeals that it lacked jurisdiction because the July 28 Order is interlocutory and unappealable. He told the ancillary court that it lacked authority to rule on his plea to the jurisdiction — after he had noticed that plea for hearing there, argued it, submitted supplemental briefing at that court's request, and obtained a ruling on it. He told the 127th Judicial District Court that it lacked jurisdiction under Section 65.023(b). And when asked where the homestead question could be heard, he identified the 333rd Judicial District Court — the court that decided it on the submission docket without receiving evidence.

57. A party who invokes a court's authority, obtains supplemental briefing, and secures a ruling should not be heard to disclaim that authority as to the portion of the ruling that went against him.

**Representations made in obtaining the September 1 dismissal.**

58. It was represented on the record at the September 1 hearing that *Campbell v. Wilder* is a 2016 Supreme Court of Texas decision holding Section 65.023(b) jurisdictional, and that the holding binds the court. Footnote 13 of that opinion states that because the parties before the Court treated the statute as jurisdictional, the Court would assume it is "without deciding the matter." 487 S.W.3d at 149 n.13. *Campbell* also reversed a court of appeals judgment that had vacated an injunction and dismissed for want of jurisdiction, and it overruled *Evans v. Pringle*, the decision supporting the broad reading urged. *Id.* at 150-52.

59. The passage of *Carey v. Looney* read to the court was the sentence addressing a judgment that itself orders the sale of specific property. *Campbell* addresses that precise argument

and states that it "misreads *Carey*." *Id.* at 150. The judgment enforced here ordered the sale of nothing. The sentence of *Carey* that governs a general execution levied on specific property was not read to the court.

60. It was further represented that the homestead question had been considered and decided both by the 333rd Judicial District Court and by the Fourteenth Court of Appeals. The Fourteenth Court denied an emergency motion to stay; it did not reach the merits of the homestead claim, and the same party had argued to that court that it lacked jurisdiction over the order.

61. While these positions were being urged, counsel for the Receiver advised third parties outside this litigation that the Property is a receivership asset in custodia legis and that it was to be sold, and a listing for the Property was prepared or published.

62. Plaintiffs do not ask this Court to sanction anyone, to referee conduct in another cause, or to review any ruling of any other court. These matters are recited for one purpose: they explain why the merits of a constitutional homestead claim, and the validity of two recorded deeds, remain undecided on evidence, and why Plaintiffs come to this Court rather than elsewhere.

63. The consequence of that sequence is that a constitutional homestead claim, and the recorded deeds of a person and an entity, have been resolved against them without any court receiving evidence from either. Plaintiffs ask this Court for nothing more than the hearing that has not yet occurred.

Unofficial Copy Office of Marilyn Burgess District Clerk

## VI. CAUSES OF ACTION

### A. COUNT I: DECLARATORY JUDGMENT — HOMESTEAD PROTECTION (TEX. CIV. PRAC. & REM. CODE CHAPTER 37)

64. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

65. An actual and justiciable controversy exists concerning the nature and extent of Choudhri's homestead rights and Defendant's authority to execute the writ against the Property. Under Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiffs seek a declaration of the parties' rights and legal relations under the Texas Constitution, Texas Property Code, and the writ of possession.

66. Plaintiffs seek a declaration that the Property is Choudhri's constitutionally protected homestead under Article XVI, Section 50(a) of the Texas Constitution and Texas Property Code Section 41.001(a), and that no writ of possession, writ of execution, order of sale, or other process may be executed against homestead property to satisfy a general money judgment.

67. The homestead exemption is self-executing. It arises from actual occupancy and intent to claim the property as a homestead, not from the filing of a particular document. As the First Court of Appeals has held, "No specific writing is needed to claim a homestead exemption." *Hankins v. Harris*, 500 S.W.3d 140, 145 (Tex. App.—Houston [1st Dist.] 2016, no pet.). Choudhri's continuous occupancy of the Penthouse as his sole primary residence since November 2021 establishes both use and intent.

68. Homestead rights are liberally construed in favor of the claimant. *Heggen v. Pemelton*, 836 S.W.2d 145, 148 (Tex. 1992). "Homestead protection can arise only in the person or family who has a present possessory interest in the subject property." *Laster*, 826 S.W.2d at

Unofficial Copy Office of Marilyn Burgess District Clerk

130. Homestead protection may attach to an interest less than an unqualified fee-simple title. *Inwood*, 736 S.W.2d at 635-36. Choudhri has both a claimed fee-simple interest and, at minimum, the present possessory interest and continuous residential use required by these authorities.

69. The turnover statute reaches only property "that is not exempt from attachment, execution, or seizure" and authorizes a receiver only "to take possession of the nonexempt property." Tex. Civ. Prac. & Rem. Code § 31.002(a), (b)(3). The Fourteenth Court has held the constitutional exemption from forced sale in satisfaction of a general debt to be "absolute." *Lifemark Corp. v. Merritt*, 655 S.W.2d 310, 314 (Tex. App.—Houston [14th Dist.] 1983, no writ).

**B. COUNT II: WRONGFUL EXECUTION OF WRIT OF POSSESSION (DECLARATORY AND INJUNCTIVE RELIEF ONLY)**

70. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

71. Defendant is executing, or is preparing to execute, a writ of possession against the constitutionally protected homestead to satisfy and enforce a general money judgment. A general money judgment is not among the narrow exceptions to homestead protection listed in Article XVI, Section 50(a) of the Texas Constitution. The planned execution is therefore wrongful and beyond the lawful reach of the writ. The same is true of any further writ, execution, or order of sale directed at the Property.

72. A forced sale of homestead property for a debt not specifically permitted by Article XVI, Section 50 is void, and "the purchaser receives no rights in the property." *Hankins v. Harris*, 500 S.W.3d 140, 145 (Tex. App.—Houston [1st Dist.] 2016, no pet.). What the Constitution forbids directly through a forced sale may not be accomplished indirectly through dispossession, seizure, or execution.

Unofficial Copy Office of Marilyn Burgess District Clerk

73. Plaintiffs seek no damages on this Count. They seek only a declaration that the writ may not lawfully be executed against the Property, and an injunction restraining its execution.

**C. COUNT III: VIOLATION OF CONSTITUTIONAL RIGHTS (TEX. CONST. ART. XVI, § 50(a); ART. I, § 19)**

74. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

75. Execution of the writ against Choudhri's homestead violates Article XVI, Section 50(a) of the Texas Constitution, which provides absolute protection against forced sale for general debts except for the specifically enumerated encumbrances. The general unsecured money judgment at issue does not fall within those exceptions.

76. Execution also violates Article I, Section 19 of the Texas Constitution's due-course-of-law guarantee. The Penthouse was ordered taken and two recorded deeds were declared void on a submission docket, without an evidentiary hearing, without witness testimony, and by a court that acknowledged it had been unable to view the instruments it declared void. Removing Choudhri and his property first would deprive him of a meaningful opportunity to preserve the status quo and obtain effective review. Plaintiffs seek prospective declaratory and injunctive relief only, and no damages.

**D. COUNT IV: THREATENED CONVERSION OF PERSONAL PROPERTY (INJUNCTIVE RELIEF ONLY)**

77. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

Unofficial Copy Office of Marilyn Burgess District Clerk

78. If the writ of possession is executed, Defendant, his deputies, and those acting with them will physically remove Choudhri's personal property — including furniture, clothing, personal belongings, and household items — from the Penthouse. The removal of that property from Choudhri's constitutionally protected homestead, without his authorization and contrary to his right to possession, constitutes conversion.

79. Choudhri has the right to possess and control his personal property. The unauthorized exercise of dominion and control over that property, or permitting others to exercise such dominion and control, would be inconsistent with that right and would create a risk of loss, damage, or destruction that money could not adequately redress. Plaintiffs seek no damages on this Count. They seek only an injunction restraining the removal of and interference with that personal property.

**E. COUNT V: DECLARATORY JUDGMENT — THE WRIT MAY NOT ISSUE AGAINST ARABELLA'S PROPERTY (IN THE ALTERNATIVE)**

80. Plaintiffs incorporate by reference the preceding paragraphs. This Count is pleaded in the alternative, solely on the premise that record title is held by Arabella PH 3201 LLC. Choudhri does not concede that premise.

81. Arabella is a Wyoming limited liability company, and the law of its jurisdiction of formation governs its internal affairs. Tex. Bus. Orgs. Code § 1.102. Wyoming Statute Section 17-29-503(g) makes the charging order the exclusive remedy by which a judgment creditor may satisfy a judgment from a member's transferable interest or from the assets of the company, including where the debtor is the sole member. Texas is the same. Tex. Bus. Orgs. Code §§ 101.106(b), 101.112(d), (f), (g); *Bran v. Spectrum MH, LLC*, No. 14-22-00479-CV, 2023 WL

Unofficial Copy Office of Marilyn Burgess District Clerk

5487421 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023, pet. denied) (mem. op.). A receiver cannot obtain greater rights in the company's property than the creditor would hold.

82. A turnover proceeding also cannot adjudicate a non-party's property rights. *JAJWK, LLC v. Primeway Federal Credit Union*, No. 01-23-00668-CV (Tex. App.—Houston [1st Dist.] Mar. 12, 2026, no pet. h.) (reversing and rendering judgment vacating turnover orders that voided a non-party's recorded interests and directed a receiver to sell); *Bizkeeping Corp. v. Benton*, 714 S.W.3d 857, 864-65 (Tex. App.—Houston [1st Dist.] 2025, orig. proceeding); *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 585 (Tex. 2018); *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 227 (Tex. 1991).

83. Plaintiffs therefore seek a declaration that the Receiver has no authority to take possession of the Property, that the July 28, 2026 Order is void as to Arabella PH 3201 LLC and as to the Property, and that Defendant may not lawfully execute any writ or process against the Property.

**F. COUNT VI: ULTRA VIRES — PROSPECTIVE RELIEF**

84. Plaintiffs incorporate by reference the preceding paragraphs. This Count is asserted against Defendant in his official capacity only and seeks only prospective declaratory and injunctive relief.

85. Plaintiffs plead, in the language of the governing standard, that Defendant *acted without legal authority* and threatens to continue to act without legal authority, and, alternatively, that Defendant *failed to perform a purely ministerial act*. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

86. Specifically, Plaintiffs plead that Defendant threatens to execute a writ of possession that is unlawful as applied to this Property because (a) the Property is Choudhri's

Unofficial Copy Office of Marilyn Burgess District Clerk

constitutionally exempt homestead, which Article XVI, Section 50(a) protects from forced sale for a general money judgment and which the turnover statute does not reach, Tex. Civ. Prac. & Rem. Code § 31.002(a), (b)(3); or, in the alternative, (b) the Property is titled in an entity that was never a party to, never served in, and never heard in the cause from which the writ issued, so that the order authorizing the writ is void as to that entity and confers no authority on any officer to execute against its property. Either allegation, if proved, establishes that execution would be without legal authority.

87. Plaintiffs seek no personal judgment against Constable Rosen, no damages from Harris County, and no retrospective relief of any kind. They seek only a declaration that execution against the Property would be without legal authority, and an injunction restraining it. That is the precise remedy *Heinrich* authorizes. 284 S.W.3d at 373-76; *accord Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621-22 (Tex. 2011).

88. These allegations are made as pleadings, and on a plea to the jurisdiction they must be construed liberally in Plaintiffs' favor and taken as true. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If a plea challenges the existence of jurisdictional facts, the movant bears the initial burden of presenting evidence negating jurisdiction, and if a fact question exists the plea must be denied. *Id.* at 227-28; *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770-71 (Tex. 2018). If the Court should conclude that any pleading is insufficient but does not affirmatively negate jurisdiction, Plaintiffs request a reasonable opportunity to amend before dismissal. *Miranda*, 133 S.W.3d at 226-27; *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839-40 (Tex. 2007). Dismissal with prejudice is proper only on an incurable jurisdictional defect. *Miranda*, 133 S.W.3d at 227.

Unofficial Copy Office of Marilyn Burgess District Clerk

## VII. APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

89. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

90. Plaintiffs seek an order immediately restraining Defendant Alan Rosen, Harris County Constable Precinct 1, together with his agents, servants, employees, deputies, officers, attorneys, representatives, successors, and all persons in active concert or participation with him who receive actual notice of the order — expressly including the Court-Appointed Receiver in Cause No. 2012-27197-A and any attorney, agent, broker, realtor, contractor, mover, packer, or locksmith acting at his request, at his direction, or in coordination with him in connection with the execution of any writ or process against the Property — from directly or indirectly executing, attempting to execute, scheduling, noticing, or causing or permitting to be executed any writ of possession, writ of execution, order of sale, or other process of any kind issued to enforce the general money judgment rendered in Cause No. 2012-27197-A, whether heretofore or hereafter issued, against the Property; and from entering to seize, taking possession or control of, delivering possession of, removing occupants or personal property from, changing the locks or access credentials of, attaching, levying upon, or otherwise taking or interfering with the Property located at 4521 San Felipe Street, Unit 3201, Houston, Texas 77027.

91. To obtain temporary injunctive relief, a party must plead and prove a cause of action, a probable right to relief on the merits, and a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Plaintiffs have pleaded the six causes of action above and satisfy each required element as follows.

Unofficial Copy Office of Marilyn Burgess District Clerk

## A. PROBABLE RIGHT TO RELIEF ON THE MERITS

92. Plaintiffs have a probable right to relief because: (1) the Property is Choudhri's constitutionally protected homestead under Article XVI, Section 50(a) of the Texas Constitution; (2) the underlying judgment is a general money judgment, not a constitutionally permitted encumbrance; (3) the homestead exemption is self-executing and arises from occupancy and intent, not from any filing, and Choudhri has occupied the Property continuously since November 2021; (4) "homestead protection can arise only in the person or family who has a present possessory interest in the subject property," *Laster*, 826 S.W.2d at 130, and Choudhri has precisely such an interest; (5) the turnover statute reaches only nonexempt property, Tex. Civ. Prac. & Rem. Code § 31.002(a), (b)(3); and (6) in the alternative, the charging-order statutes foreclose reaching Arabella's real property, and the July 28 Order is void as to that entity. If the Receiver lacks authority, execution by Defendant would be without legal authority and is restrainable.

93. No court has yet received evidence on whether the Penthouse is Choudhri's homestead. That is a question of fact, and Plaintiffs are prepared to offer testimony and documentary evidence on occupancy, intent, and the chain of title at a hearing on the temporary injunction.

## B. PROBABLE, IMMINENT, AND IRREPARABLE INJURY

94. Nothing presently restrains execution. An execution was already staged at the Penthouse with professional packers and movers. Absent immediate injunctive relief, Choudhri will be physically removed from his home of nearly five years, together with his 78-year-old mother. His furniture, clothing, personal belongings, and household items will be removed from the Penthouse. Once that occurs, no subsequent ruling can restore the status quo.

Unofficial Copy Office of Marilyn Burgess District Clerk

95. The injury is irreparable because: (1) loss of a homestead residence cannot be adequately compensated in money damages; (2) displacement of personal property creates a risk of loss, damage, or conversion; (3) disruption of Choudhri's settled domestic life cannot be undone; and (4) Choudhri has a pending appeal and original proceeding that may result in vacatur or withdrawal of the writ, but those proceedings cannot provide relief if the writ is executed first.

**C. NO ADEQUATE REMEDY AT LAW**

96. Plaintiffs have no adequate remedy at law because: (1) money damages cannot restore Choudhri to his home; (2) the Property is unique because it is his sole residence and homestead; (3) execution of the writ will moot or substantially impair the pending appellate proceedings; and (4) the Texas Constitution guarantees homestead protection as a matter of right, not merely as a damages remedy. "It is not enough that there is some remedy at law, but that such remedy must be plain, adequate, or as practical and efficient to the ends of justice and its prompt administration as the remedy at equity." *Baucum v. Texan Oil Corp.*, 423 S.W.2d 434, 440-41 (Tex. Civ. App.—El Paso 1967, writ ref'd n.r.e.). The remedy must be practical, available, and effectual. *Id.* In addition, injunctive relief is available here "irrespective of any remedy at law." Tex. Civ. Prac. & Rem. Code § 65.011(4), (5).

**D. BALANCE OF EQUITIES**

97. The balance of equities strongly favors injunctive relief. Choudhri will lose his home if the writ is executed. Defendant will suffer no cognizable harm from a brief delay in execution: the Property will remain available and will not disappear while the Court determines whether the writ may lawfully be enforced, and the judgment remains fully enforceable against every asset subject to execution. The public interest favors enforcement of constitutional

Unofficial Copy Office of Marilyn Burgess District Clerk

homestead protections and preservation of the status quo while a court receives evidence. Plaintiffs are willing to post bond and request that any bond be set no higher than $100.00, or in such other amount and form as the Court deems appropriate.

**E. NOTICE AND RULE 680**

98. Plaintiffs seek a temporary restraining order with notice. Notice of the time and place of presentment has been or will be given by electronic mail to Brian J. Hrach, Office of the Harris County Attorney, counsel for Defendant, and as a courtesy to counsel for the Receiver, on September 2, 2026, at ______ __.m.

99. If execution is attempted or becomes imminent before notice can be effectuated and a hearing had, Plaintiffs request relief without notice under Texas Rule of Civil Procedure 680, on the ground that it clearly appears from the specific facts shown by this verified Petition that immediate and irreparable injury, loss, or damage will result before Defendant can be heard, in that no order presently restrains execution, Defendant's counsel has stated that his office intends to proceed as ordered and could give no information as to timing, no advance notice of execution is required or promised, and execution may therefore occur at any hour and without warning. Plaintiffs will certify in writing the efforts made to give notice and the reasons supporting any claim that notice should not be required.

100. Plaintiffs request that the Court issue the temporary restraining order immediately and set the earliest practicable evidentiary hearing on the temporary injunction. After notice and hearing, Plaintiffs request a temporary injunction maintaining the restraint pending trial, and after trial on the merits, a permanent injunction granting the same relief.

Unofficial Copy Office of Marilyn Burgess District Clerk

## VIII. APPLICATION FOR EXPEDITED DISCOVERY

101. Plaintiffs apply for expedited discovery in aid of the temporary injunction hearing. The Court may order a discovery control plan tailored to the circumstances of the suit, and may modify the time periods and procedures prescribed by the discovery rules. Tex. R. Civ. P. 190.4, 191.1, 192.2. Because the temporary injunction hearing must be held within the life of the temporary restraining order, the ordinary response periods would expire after the hearing and leave Plaintiffs unable to develop the record on the very questions the Court must decide.

102. Plaintiffs request leave to serve, immediately upon signing of the temporary restraining order, requests for production, interrogatories, and requests for admission on Defendant, with responses due within five (5) days of service or three business days before the temporary injunction hearing, whichever is earlier.

103. Plaintiffs further request leave to serve notices and subpoenas duces tecum for production of documents and for deposition on persons who are not parties, on five (5) days' notice, pursuant to Texas Rules of Civil Procedure 176 and 205, directed to Travis Vargo, the Court-Appointed Receiver, and his counsel Michael Poynter and the Vargo Law Firm, P.C., any licensed real estate broker or realtor engaged or contacted concerning the Property, the condominium association and its management company, any moving, packing, storage, or locksmith company engaged concerning the Property, the judgment creditor in Cause No. 2012-27197-A, Osama Abdullatif and any entity through which he acts, and any title company or prospective purchaser. Documents responsive to any subpoena duces tecum or notice of production shall be produced not later than two (2) business days before the deposition of the producing person or of any corporate representative designated under Texas Rule of Civil Procedure 199.2(b)(1), so that the documents are in hand before the witness is examined.

Unofficial Copy Office of Marilyn Burgess District Clerk

104. The discovery sought is limited in subject matter to the Property and to the efforts of any person to obtain possession, control, or disposition of the Property, including any such efforts by or on behalf of Osama Abdullatif, and includes:

(a) All documents and communications, including electronic mail and text messages, relating to the Property, to the writ of possession issued August 6, 2026, and to the scheduling, timing, coordination, or execution of that writ or of any other process against the Property;

(b) All documents and communications relating to the listing, advertising, marketing, showing, valuation, appraisal, or offering of the Property for sale or lease, including any listing agreement, broker engagement, offer, contract, option, or closing document;

(c) All documents and communications with any third party concerning the ownership, status, custody, or intended disposition of the Property;

(d) All documents relating to the asserted authority to take possession of, control, or sell the Property, including the Amended Turnover Orders, any charging order, and any instrument by which possession or control of the Property is claimed;

(e) All documents and communications concerning Arabella PH 3201 LLC, including any notice given or not given to it in Cause No. 2012-27197-A; and

(f) A detailed accounting of all funds received, held, disbursed, or charged in connection with the Property, including rents, revenues, deposits, insurance proceeds, assessments, taxes, maintenance and preservation costs, broker or realtor compensation, and any receiver or professional fees charged, accrued, or claimed against the Property or its proceeds; and

Unofficial Copy Office of Marilyn Burgess District Clerk

(g) All documents and communications, including electronic mail and text messages, between or among Defendant or any deputy, officer, or employee of his office, Travis Vargo, Michael Poynter and the Vargo Law Firm, P.C., the judgment creditor, Osama Abdullatif, and any person or entity acting for, with, or in concert with any of them, concerning the Property, its ownership, possession, occupancy, valuation, marketing, or sale, or concerning any effort to obtain possession, control, or disposition of the Property, including the scheduling, timing, coordination, or execution of any writ or process against it.

105. Plaintiffs seek this discovery to preserve evidence and to prepare for the temporary injunction hearing, not to burden any person. Plaintiffs are willing to accept production in electronic form, to narrow any category on conference, and to abide any protective order the Court considers appropriate.

## IX. CONDITIONS PRECEDENT

106. All conditions precedent to Plaintiffs' recovery have occurred or have been performed.

## X. RULE 193.7 NOTICE

107. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs may enter into evidence at trial or any other proceeding during the pendency of this matter all documents produced to Plaintiffs in response to discovery requests.

Unofficial Copy Office of Marilyn Burgess District Clerk

## XI. PRAYER

108. Plaintiffs, ALI CHOUDHRI and ARABELLA PH 3201 LLC, respectfully pray for the following relief against Defendant, ALAN ROSEN, CONSTABLE PRECINCT NO. 1, HARRIS COUNTY, in his official capacity:

a. A temporary restraining order immediately restraining Defendant, and all persons in active concert or participation with him who receive actual notice of the order, expressly including the Court-Appointed Receiver and any broker, realtor, contractor, mover, packer, or locksmith acting at his request or in coordination with him, from executing or attempting to execute any writ of possession, writ of execution, order of sale, or other process of any kind against the Property, whether heretofore or hereafter issued, and from entering upon, taking possession of, delivering possession of, or removing Choudhri or any personal property from the Property;

b. A temporary injunction, after notice and evidentiary hearing, maintaining the restraint requested above pending trial on the merits;

c. A permanent injunction, after trial on the merits, permanently enjoining the conduct described above;

d. A declaration under Chapter 37 of the Texas Civil Practice and Remedies Code that the Property is Choudhri's constitutionally protected homestead under Article XVI, Section 50(a) of the Texas Constitution and Texas Property Code Section 41.001(a), and that no writ or process may be executed against it to satisfy the general money judgment;

Unofficial Copy Office of Marilyn Burgess District Clerk

e. In the alternative, a declaration that the Receiver has no authority to take possession of the Property, that the July 28, 2026 Order is void as to Arabella PH 3201 LLC and as to the Property, and that Defendant may not lawfully execute any writ or process against the Property;

f. An order granting expedited discovery as requested in Section VIII, including leave to serve written discovery on Defendant on shortened response time and to serve notices, subpoenas duces tecum, and deposition notices on non-parties under Rules 176 and 205 on shortened notice;

g. Costs of court, and such reasonable and necessary attorney's fees as are equitable and just under Texas Civil Practice and Remedies Code § 37.009; and

h. All other and further relief, at law or in equity, to which Plaintiffs may be entitled. Plaintiffs seek no damages in this cause.

Unofficial Copy Office of Marilyn Burgess District Clerk

Respectfully submitted,

/s/ Ali Choudhri

Ali Choudhri
4521 San Felipe Street, #3201
Houston, Texas 77027
281-630-6627
ali@jetallcapital.com
PLAINTIFF PRO SE

TRIAL NINJAS LAW GROUP, PLLC

By: /s/ Gia Samavati

Gia Samavati
State Bar No. 24076666
P.O. Box 131803
Houston, Texas 77219
Telephone: (281) 999-9990
Facsimile: (281) 697-4193
Gia@trialninjas.com

ATTORNEY FOR PLAINTIFF
ARABELLA PH 3201 LLC

**VERIFICATION**

STATE OF TEXAS §
COUNTY OF HARRIS §

My name is Ali Choudhri. My address is 4521 San Felipe St. #3201, Houston, Texas 77027. I declare under penalty of perjury that the foregoing is true and correct. I am over the age of 18 and am competent to testify and make this Declaration. I have reviewed the attached Plaintiffs' Verified Emergency Original Petition and Application for Injunctive Relief and the facts contained therein are within my personal knowledge and are true and correct.

My name is Ali Choudhri. My birthdate is January 24, 1980 and my address is 4521 San Felipe St. #3201, Houston, Texas 77027. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, State of Texas, on September 2, 2026:

/s/ Ali Choudhri

______________________________
Ali Choudhri

**VERIFICATION OF ARABELLA PH 3201 LLC**

STATE OF TEXAS §
COUNTY OF HARRIS §

My name is Ali Choudhri. My address is 4521 San Felipe St. #3201, Houston, Texas 77027. I am the Manager of Arabella PH 3201 LLC, a Wyoming limited liability company, and I am authorized to make this Declaration on its behalf and in that capacity only, and not individually. I declare under penalty of perjury that the foregoing is true and correct. I am over the age of 18 and am competent to testify and make this Declaration. I have reviewed the attached Plaintiffs' Verified Emergency Original Petition and Application for Injunctive Relief, and the facts

Unofficial Copy Office of Marilyn Burgess District Clerk

contained therein concerning Arabella PH 3201 LLC are within my personal knowledge and are true and correct — including that it was never named as a party to, never served with citation in, and never heard in Cause No. 2012-27197-A, that it received no notice of the motion or hearing that produced the Order signed July 28, 2026, and that it has never conveyed or authorized the surrender of the Property to any receiver or receivership estate. This Declaration is made in the alternative as pleaded and is not an admission that Arabella PH 3201 LLC owns the Property.

My name is Ali Choudhri. My birthdate is January 24, 1980 and my address is 4521 San Felipe St. #3201, Houston, Texas 77027. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, State of Texas, on September 2, 2026:

/s/ Ali Choudhri

______________________________

Ali Choudhri, Manager
ARABELLA PH 3201 LLC

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2026, a true and correct copy of the foregoing was served on all counsel of record via the electronic filing manager and/or electronic mail.

/s/ Ali Choudhri
Ali Choudhri

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 119430379
Filing Code Description: Petition
Filing Description: Petition
Status as of 9/2/2026 2:16 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ali Choudhri | | ali@jetallcapital.com | 9/2/2026 11:45:26 AM | SENT |
| Gia Samavati | 24076666 | gia@trialninjas.com | 9/2/2026 11:45:26 AM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk